Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Harold Montoya

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD MONTOYA, <br><br> Plaintiff, <br><br> vs. <br><br> JACOB RIEDELL; MICHAEL PENA; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 5:18-cv-00660-JGB-SPx <br><br> **JOINT REPORT PURSUANT TO FRCP RULE 26(f)** <br><br> DATE: October 29, 2018 <br> TIME:  11:00 a.m. <br> COURTROOM:    1 <br><br> 3470 Twelfth Street <br> Riverside, CA 92501 <br><br> Assigned to Judge Jesus G. Bernal |

1

**JOINT REPORT PURSUANT TO FRCP RULE 26(f)**

TO THE HONORABLE COURT:

The parties to this action, Plaintiff HAROLD MONTOYA, and Defendants JACOB RIEDELL and MICHAEL PENA, by and through their counsel, hereby submit the following Joint Report pursuant to FRCP Rule 26(f).

## I. Statement of the Case

### A. Plaintiff's Claims

On March 2, 2016, Plaintiff Harold Montoya (MONTOYA) was preparing to leave the house for work when he asked his two adult children to complete a few choirs around the house by the time he got home from work. MONTOYA is a mechanical Service operator (MSO) with the Union Pacific Railroad. MONTOYA's adult children live with him.

When MONTOYA returned home from work on March 2, 2016, he came home to his two adult children sitting on the couch and none of the choirs had been completed. MONTOYA became very angry. MONTOYA was angry, but he did not hurt anyone, threaten to hurt anyone or break anything inside of the house. Upset by her father's reaction, MONTOYA's daughter called "911."

Defendants Jacob Riedell (RIEDELL) and Michael Pena (PENA) responded to MONTOYA's home located at 4585 San Jose Street, Montclair, California. Defendants RIEDELL and PENA entered MONTOYA's house and then ordered MONTOYA to go outside with them. MONTOYA complied with the order without incident. MONTOYA went outside and sat on the curb as he was instructed.

Once outside, MONTOYA expressed that he did not want to talk to RIEDELL or PENA. MONTOYA also became critical of the defendants and began verbally protesting the defendants' actions. MONTOYA directed multiple expletives towards the defendants and threatened to sue them. Defendant PENA

states in his report that prior to taking MONTOYA to the ground, MONTOYA was "verbally confrontational."

In response to MONTOYA's verbal criticism and protest, Defendants RIEDELL, PENA and DOES 1 through 6, inclusive decided to detain MONTOYA by placing him in handcuffs. Defendant PENA then ordered MONTOYA to stand up. MONTOYA complied and stood up. As soon as MONTOYA stood up, Defendant RIEDELL tackled MONTOYA to the ground. RIEDELL and PENA then jumped on top of MONTOYA and began punching and kneeing MONTOYA.

When PENA ordered MONTOYA to stand up, MONTOYA simply stood up. In his report, PENA fabricates this moment when he states that MONTOYA "took an aggressive posture towards RIEDELL." This assertion in PENA's report is not true. MONTOYA was then arrested and booked for allegedly violating Penal Code sec. 148(a)(1.)

RIEDELL and PENA then authored fabricated police reports and submitted them to the San Bernardino County District Attorney's Office. Two days later, on March 4, 2016, the San Bernardino County District Attorney's office filed a misdemeanor charge against MONTOYA for an alleged violation of Penal Code sec. 148(a)(1.)

On July 11, 2017, a San Bernardino County jury found MONTOYA "not guilty" of violating Penal Code sec. 148(a)(1.)

**B. DEFENDANTS' CLAIMS / AFFIRMATIVE DEFENSES**

Defendants deny Plaintiff's allegations (and, in the alternative, rely on the affirmative defenses pleaded in the Answer). On March 2, 2016, Defendant officers responded to a report of a fight at Plaintiff's address. Officer Pena entered the residence with the consent of the victim, Montoya's daughter, and found Montoya inside a bedroom. Officer Pena asked Montoya to come outside and questioned him about what happened. Montoya, who had been drinking alcohol,

stated he did not want to speak with Officer Pena once Officer Riedell arrived on scene. Montoya became verbally confrontational when asked to sit on nearby steps. Montoya took an aggressive posture towards Officer Riedell; he stood up, clenched a fist, and said "What the fuck you gonna detain me for?" Defendant officers took Montoya to the ground and handcuffed him. Montoya suffered a small laceration above his left eye and accompanying swelling.

Officer Pena interviewed Montoya's daughter, Melanie. Melanie told police that her father had been drinking and became verbally assaultive with her. This was not the first time he lashed out after drinking alcohol. Montoya had been striking the walls in the residence. Out of fear, Melanie locked herself in one of the bathrooms. Montoya struck the bathroom door and yelled, "I am going to kill you, wait until you come out, I am going to get you." Melanie called the police.

An inexperienced prosecutor handled Montoya's criminal case and, because of a *Kellett* issue (see *Kellett v. Superior Court*, 63 Cal.2d 822 (1966)), only tried Montoya for a violation of Penal Code section 148(a)(1) [obstructing / resisting / delaying a peace officer]. Montoya was not tried for a violation of Penal Code section 422(a) [criminal threats]. The trial judge excluded the 9-1-1 call from being introduced into evidence. The jury found Montoya not guilty.

## II. SUBJECT MATTER JURISDICTION

The case raises a federal question arising under 42 USC 1983.

## III. LEGAL ISSUES

- Whether the Defendants had probable cause at the time of the arrest;
- Whether the Defendants' use of force was objectively reasonable;
- Whether the Defendants are entitled to qualified immunity.

## IV. PARTIES, EVIDENCE, ETC.

The parties include Plaintiff Harold Montoya, Defendant Jacob Riedell and Michael Pena.

**JOINT REPORT PURSUANT TO FRCP RULE 26(f)**

The key documents known at this time include the defendants' arrest reports and audio recordings of the incident complained of in this action.

## V. DAMAGES

Plaintiff is seeking compensatory damages in excess of $500,000 as well as punitive damages.

**VI. INSURANCE** The City is self-insured pursuant to Government Code section 995.

## VII. MOTIONS

At this time, the Plaintiff does not anticipate filing any motions. Defendants may file a motion for summary judgment or partial summary judgment depending on the facts elicited in discovery.

## VIII. Manual For Complex Litigation

The parties do not believe it is necessary to utilize the Manual.

## IX. STATUS OF DISCOVERY

The parties have not commenced discovery yet. The parties intend to serve interrogatories, requests for production, requests for admissions, and to take depositions within the default limits.

## X. DISCOVERY PLAN

The parties do not expect the need to change the timing, form, or requirement for disclosures under Rule 26(a), with the caveat that they propose specific dates below for the exchange of expert reports in lieu of the default FRCP 26(a)(2)(D) deadlines, and that the deadlines under LR-16 control the pretrial disclosures, rather than the default deadlines provided in FRCP 26(a)(3)(B).

Subjects on which discovery may be needed include the facts and circumstances surrounding the detention, arrest, and use of force in this case, and the basis for Plaintiff's damages claims.

## XI. DISCOVERY CUT-OFF

5

**JOINT REPORT PURSUANT TO FRCP RULE 26(f)**

The parties do not foresee any need to change the limitations on discovery or the need for formal phasing of discovery and propose the following deadlines: i) Non-expert discovery closes March 29, 2019.

## XII. EXPERT DISCOVERY

The parties propose the following deadlines: i) Initial Expert Report Exchange to occur on April 1, 2019; ii) Rebuttal Expert Exchange to occur on April 22, 2019; and iii) Expert discovery closes May 13, 2019.

## XIII. DISPOSITIVE MOTIONS

At this time, Plaintiff does not anticipate filing any dispositive motions.

## XIV. SETTLEMENT/ADR

The parties have not exchanged any offers. The parties agree to a settlement conference with a panel mediator.

## XV. TRIAL ESTIMATE

The parties estimate a 3 day jury trial and request a Trial Date of June 19, 2019. The defense anticipates calling six witnesses.

## XVI. TRIAL COUNSEL

Counsel for plaintiff is Gregory Peacock.

Counsel for the defense is Kyle Bevan and Peter Ferguson.

## XVII. INDEPENDENT EXPERT OR MASTER

The parties do not anticipate the need for such appointments.

## XVIII.                              TIMETABLE

JUDGE JESUS B. BERNAL

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| | | |
|---|---|---|
| **Case No.** | 5:18-cv-00660-JGB-SPx | |
| **Case Name** | Harold Montoya v. Jacob Riedell and Michael Pena | |

| Matter | Plaintiff(s)' Request mo/day/year | Defendant(s)' Request mo/day/year | Court's Order |
|---|---|---|---|
| x☐ Jury Trial or ☐ Court Trial<br>**(Tuesday at 9:00 a.m.)**<br>Length: ___3___ days | 11/12/2019 | | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine*<br>**(Monday − two (2) weeks before trial date)** | 10/28/2019 | | |
| Last Date to Conduct Settlement Conference | 06/29/2019 | | |
| Last Date to *Hear* Non−discovery Motions (Monday at 9:00 a.m.) | 05/31/2019 | | |
| All Discovery Cut−Off (including hearing all discovery motions) | 09/09/2019 | | |
| Expert Disclosure (Rebuttal) | 09/16/2019 | | |
| Expert Disclosure (Initial) | 08/13/2019 | | |
| Last Date to Amend Pleadings or Add Parties | 01/04/2019 | | |

ADR [L.R. 16−15] Settlement Choice:

x☐       Attorney Settlement Officer Panel

7

**JOINT REPORT PURSUANT TO FRCP RULE 26(f)**

DATED: October 11, 2018

                                                              __/S/ *Gregory Peacock*_____  
                                                              GREGORY PEACOCK  
                                                              Attorney for Plaintiff Harold Montoya

DATED: October 11, 2018

                                                              __/S/ *Kyle Bevan*_____  
                                                              KYLE BEVAN  
                                                              Attorney for Defendants

**JOINT REPORT PURSUANT TO FRCP RULE 26(f)**